**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-2418

JULIO ABRAHAM SOSA UVALLE,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Argued:  December 7, 2022                    Decided:  March 10, 2023

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge

Dismissed in part, granted in part, and remanded by unpublished opinion.  Senior Judge Floyd wrote the opinion in which Judge Wilkinson and Judge Rushing joined.

**ARGUED:**  Jay S. Marks, LAW OFFICES OF JAY S. MARKS, LLC, Silver Spring, Maryland, for Petitioner.  Amber Ashley Arthur, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.  **ON BRIEF:**  Nicole Littell Diop, LAW OFFICES OF JAY S. MARKS, LLC, Silver Spring, Maryland, for Petitioner.  Brian Boynton, Principal Deputy Assistant Attorney General, Nancy E. Friedman, Senior Litigation Counsel, Brooke M. Maurer, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

FLOYD, Senior Circuit Judge:

Petitioner Julio Abraham Sosa Uvalle—a citizen of Mexico—asks this Court to review a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of an immigration judge's (IJ) order of removal. As relevant here, Uvalle contends that the IJ and the BIA erred (1) by denying his application for cancellation of removal as a discretionary matter, and (2) by concluding that his conviction for identity theft under Maryland Criminal Code § 8-301(c) constituted a categorical crime of moral turpitude such that he required a waiver of inadmissibility to pursue adjustment of status. For the reasons that follow, we dismiss the petition in part and grant the petition in part, remanding for the BIA to consider whether identity theft under Maryland Criminal Code § 8-301(c) categorically constitutes a crime of moral turpitude for purposes of adjustment-of-status eligibility.

I.

Julio Abraham Sosa Uvalle is a native and citizen of Mexico. In 1987, he entered the United States with his mother and sister. Since that time, he has not left the country, he married an American citizen, and the two had a son. In August 2019, the Department of Homeland Security (DHS) detained Uvalle, charging him with being present in the United States without inspection and admission, or parole, in violation of Immigration and Nationality Act (INA) § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). Uvalle contended that he was properly admitted with a border-crossing card, and he applied for cancellation of removal under INA § 240A(b), 8 U.S.C. § 1229b(b)(1). An IJ pretermitted his

application for cancellation, holding that he was convicted of a crime involving moral turpitude (CIMT) based on a 2009 conviction for identity fraud to avoid prosecution, in violation of Maryland Criminal Code § 8-301(c)(1). Uvalle filed an application to adjust status under INA § 245(a), 8 U.S.C. § 1255(a), also seeking a waiver of grounds of inadmissibility under § 212(h), 8 U.S.C. § 1182(h). The IJ denied him relief.

Uvalle appealed the IJ's decision to the BIA, and the DHS filed an additional charge of inadmissibility, amending the charge of removability to INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), which provides for removal when a noncitizen is present in violation of a law of the United States. The BIA remanded for the IJ to consider the new charge. The BIA's remand order provided that "[f]urther consideration of [Uvalle's] claims to relief is not warranted upon remand unless he establishes that such claims should be 'reopened.'" Administrative Record ("A.R.") 755.

Uvalle moved to reopen, seeking relief based on an intervening CIMT-related decision of this Court, *Nunez-Vasquez v. Barr*, 965 F.3d 272 (4th Cir. 2020). *Nunez-Vasquez* held than an identity theft conviction under Virginia Code § 18.2–186.3(B1) "does not [categorically] require morally reprehensible conduct," and thus "is not a CIMT." *Nunez-Vasquez*, 965 F.3d at 286. According to Uvalle, his Maryland statute of conviction likewise does not categorically punish CIMTs, and thus does not render him ineligible for cancellation or inadmissible such that a waiver would be needed to adjust his status. He also sought reopening based on new and ongoing familial hardships. The IJ denied his motion, concluding in relevant part that the Virginia statute at issue in *Nunez-Vasquez* was distinguishable from the Maryland statute of conviction here. The IJ further declined to

3

waive his inadmissibility as a discretionary matter. Finally, the IJ noted that Uvalle failed to offer any new evidence of familial hardship.

Uvalle appealed to the BIA. The BIA found the IJ's decision to be insufficient for appellate review and remanded for the IJ to issue a new decision incorporating past legal conclusions and factual findings. Accordingly, the IJ issued a new decision in July 2021 incorporating prior analysis. The decision was returned to the BIA and it affirmed, dismissing Uvalle's appeal. The BIA concluded that Uvalle was removeable, did not merit a waiver of inadmissibility for the purpose of adjustment of status, and did not merit discretionary cancellation of removal. Notably, it did not reach the CIMT issue because (1) with respect to adjustment of status, it concluded that Uvalle did not merit a discretionary waiver, and (2) with respect to cancellation, "even if [Uvalle] had not been convicted of a CIMT, he has not met his burden of proof to show he would merit a favorable exercise of discretion for cancellation of removal." A.R. 7.

Uvalle now petitions this Court to review the decision not to adjust his status or cancel his removal. He argues that the IJ erred as a matter of law by concluding that his conviction for identity fraud was a CIMT, and, assuming that it was not a CIMT, by failing to fully address his eligibility to adjust status in that novel context. He further argues that the BIA erred by declining to reach the CIMT issue in affirming the IJ's order. As relevant here, the U.S. Attorney General (the "government") responds that we should remand to the BIA so that it may address whether Uvalle's conviction is categorically a CIMT for purposes of adjustment of status.

4

This panel requested supplemental briefing on two questions: (1) whether identity theft under Maryland Criminal Code § 8-301(c) is categorically a crime involving moral turpitude; and (2) whether this Court may review the BIA's denial of cancellation of removal independent of the CIMT issue.

In supplemental briefing, Uvalle argues that the conviction is not categorically a CIMT, and that this Court may review the BIA's denial of cancellation of removal independent of the CIMT issue. The government argues that remand is still the most appropriate path forward on the CIMT issue to provide the BIA with an adequate opportunity to consider it in the first instance. The government further argues that the conviction at issue here is a CIMT, and that this Court cannot review the purely discretionary denial of cancellation of removal affirmed by the BIA.

## II.

### A.

We first address cancellation of removal. Under the INA, a noncitizen "who is present in the United States in violation of this chapter or any other law of the United States . . . is deportable." 8 U.S.C. § 1227(a)(1)(B). The government may cancel removal when an applicant meets four statutory criteria:

> 1) that the applicant has been physically present in the United States for at least ten continuous years, 2) that the applicant had been a person of "good moral character" during that ten-year period, 3) that the applicant had not committed certain enumerated offenses, and 4) that the applicant "establishes that removal would result in exceptional and extremely unusual hardship to the applicant's citizen or lawful permanent resident spouse, parent, or children."

5

*Gonzalez Galvan v. Garland*, 6 F.4th 552, 557 (4th Cir. 2021) (simplified); *see also* 8 U.S.C. § 1229b(b)(1)(A)–(D). Notably, under the third statutory criterion, an applicant convicted of a CIMT is ineligible for cancellation. *See* 8 U.S.C. § 1229b(b)(1)(C); 8 U.S.C. § 1182(a)(2)(A). Even if an applicant satisfies the four statutory requirements, the government "still retains the discretion to deny an application for cancellation of removal." *Gonzalez Galvan*, 6 F.4th at 557 (citations omitted).

Under 8 U.S.C. § 1252(a)(2)(B), federal courts lack jurisdiction to review the government's denial of discretionary relief. "The statute specifically strips federal courts of jurisdiction to review the denial of cancellation of removal under 8 U.S.C. § 1229b." *Gonzalez Galvan*, 6 F.4th at 558. However, § 1252(a)(2)(D) "provides that this limitation on judicial review shall not 'be construed as precluding review of constitutional claims or questions of law.'" *Id.* (simplified). The Supreme Court recently held that "questions of law" include those concerning "the application of a legal standard to undisputed or established facts." *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1067 (2020).

This Court recently applied the Supreme Court's holding in *Guerrero-Lasprilla* in the context of cancellation of removal under § 1229b(b)(1)(D). *See Gonzalez Galvan*, 6 F.4th at 557–60. There, we held that "an IJ's determination [of] whether an applicant has satisfied the statutory requirement of 'exceptional and extremely unusual hardship' to establish eligibility for cancellation of removal presents a mixed question of law and fact subject to judicial review," but we cannot review an IJ's "ultimate discretionary determination [of] whether to grant or deny an application . . . after an applicant meets the

6

four statutory eligibility requirements." *Id.* at 560, 562. The Supreme Court has since clarified that any review under § 1252(a)(2)(B) must defer to factual determinations made by the IJ and the BIA. *Patel v. Garland*, 142 S. Ct. 1614, 1627 (2022).

Here, Uvalle conceded his removability under 8 U.S.C. § 1227(a)(1)(B). A.R. 4. The IJ then pretermitted Uvalle's application for cancellation of removal, concluding that he did not merit relief. The IJ first reasoned that Uvalle's Maryland conviction constituted a CIMT, rendering him ineligible for cancellation. A.R. 185–88. It then proceeded to conclude in the alternative that, even if it erred in its CIMT analysis, Uvalle failed to prove the statutory requirement of exceptional and extremely unusual hardship, particularly given its conclusion that he failed to prove the less demanding requirement of "extreme hardship" in the course of his tangential pursuit of an adjustment-of-status waiver. A.R. 188. Finally, the IJ explained that Uvalle was not entitled to discretionary relief—also noting that Uvalle failed to argue why discretionary relief was warranted, as was his burden. *Id.* The BIA affirmed, declining to reach the CIMT issue given the IJ's alternative grounds for denial of cancellation—the statutory hardship element and its own discretionary determination.

Uvalle now seeks our review of the denial of cancellation of removal on the sole ground that his Maryland conviction is not a CIMT. But, critically, he fails to address the alternative bases on which the IJ and BIA declined to cancel his removal. Absent any argument regarding his burden to demonstrate exceptional and extremely unusual circumstances, we decline to consider this mixed question of law and fact under *Guerrero-Lasprilla* and *Gonzalez Galvan*. Even if Uvalle challenged the remaining discretionary basis for denial of cancellation, we are without jurisdiction to review such a challenge. 8

7

U.S.C. § 1252(a)(2)(B). Consequently, we dismiss Uvalle's petition for lack of jurisdiction to the extent that it challenges the BIA's discretionary determination that he is not entitled to cancellation of removal.

B.

We next turn to adjustment of status. Under the INA, the government may adjust the status of a noncitizen if "(1) the [noncitizen] makes an application for such adjustment, (2) the [noncitizen] is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a). Adjustment of status is a discretionary form of relief. *Id.* Notably, a noncitizen convicted of a CIMT is inadmissible, and therefore ineligible to apply for adjustment of status. 8 U.S.C. § 1182(a)(2)(A). However, an ineligible noncitizen may seek a waiver of inadmissibility. 8 U.S.C. § 1182(h). Such a waiver is discretionarily granted. *Id.* As relevant here, a waiver may be warranted if an applicant demonstrates that their denial of admission would inflict extreme hardship on a United States citizen spouse, parent, son, or daughter. *Id.* § 1182(h)(1)(B).

Here, the IJ determined that Uvalle was ineligible for adjustment of status given its finding that his Maryland conviction was a CIMT. A.R. 1037. Consequently, it concluded that he required a waiver of inadmissibility before it could consider adjusting his status. *Id.* The IJ then denied him a waiver under 8 U.S.C. § 1182(h) as a discretionary matter and because he failed to demonstrate extreme hardship to an immediate family member.

A.R. 1043.  The BIA "affirm[ed] the [IJ's] determination that [Uvalle] does not merit discretionary relief for a waiver of inadmissibility under [8 U.S.C. § 1182(h)]."  A.R. 5.

Uvalle now seeks our review of the IJ's determination that a waiver of inadmissibility was necessary.[1]  Both the IJ and the BIA couched their denials of adjustment exclusively in terms of waiver eligibility under 8 U.S.C. § 1182(h)—and not in terms of broader adjustment eligibility under 8 U.S.C. § 1255(a)—given the IJ's position that the Maryland conviction was a CIMT.  Perplexingly, the BIA affirmed the IJ's denial of a waiver while simultaneously declining to reach the CIMT question—a question that, in this context, presupposes whether a waiver is even necessary for adjustment eligibility.

The government now argues that, even if the Maryland conviction is not a CIMT, the BIA's eligibility conclusion would be the same under § 1255(a) as it was under § 1182(h)'s waiver provision—particularly given the discretionary nature of relief under both provisions.  But "when a BIA order does not demonstrate that the agency has considered an issue, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."  *Oliva v. Lynch*, 807 F.3d 53, 61 (4th Cir. 2015) (simplified); *see also Negusie v. Holder*, 555 U.S. 511, 517 (2009) ("When the BIA has not spoken on 'a matter that statutes place primarily in agency hands,' our ordinary rule is to remand to 'give the BIA the opportunity to address the matter in the first instance in light of its own expertise.'" (simplified)); *Li Fang Lin v. Mukasey*, 517 F.3d 685, 693–94

---

[1] Whether Uvalle's Maryland conviction categorically constitutes a CIMT such that it triggers the 8 U.S.C. § 1182(h) waiver requirement is a question of law that soundly fits within this Court's appellate jurisdiction under 8 U.S.C. § 1252(a)(2)(D).

(4th Cir. 2008) (explaining that, when the BIA has not spoken on an issue, "[w]e would run the risk of violating fundamental separation-of-powers principles if we attempted to divine the BIA's thoughts on [the] matter and tried to build a legal conclusion in a veritable vacuum where BIA interpretation should always first exist"). Consequently, we decline to determine whether Uvalle's conviction was a CIMT given that the BIA has not considered the issue in the first instance. We likewise decline to engage in what would effectively be a harmless-error analysis—concluding that the BIA's discretionary conclusion under § 1255(a) would mirror its analysis under § 1182(h)—when the agency has likewise not considered this question in the first instance.[2]

Thus, we grant Uvalle's petition in part, remanding for the BIA to decide in the first instance whether a violation of Maryland Criminal Code § 8-301(c) categorically constitutes a CIMT. If the BIA concludes that such a violation is not a CIMT, it must reevaluate Uvalle's eligibility for adjustment of status under 8 U.S.C. § 1255(a).

*DISMISSED IN PART, GRANTED IN PART, AND REMANDED*

---

[2] Notably, the government has maintained throughout the pendency of this appeal that remand on the CIMT issue and derivative relief eligibility would be appropriate.